PEOPLE v MURPHY

Docket No. 78-4489. Submitted June 3, 1980, at Detroit.—Decided
    October 6, 1980. Leave to appeal applied for.

Defendant, Gary T. Murphy, was charged with four counts of
    criminal sexual conduct in the first degree and one count of
    breaking and entering an occupied dwelling with intent to
    commit first-degree criminal sexual conduct. Defense counsel
    made a motion that the case go to the jury solely on the issue
    of insanity because defendant was prepared to admit every
    allegation made against him with the exception of the allega-
    tion that he was sane at the time he committed the crime. The
    motion was denied and a jury trial was held in St. Clair Circuit
    Court. Defendant was found to be guilty of one count of
    breaking and entering an occupied dwelling with intent to
    commit a felony, but mentally ill, and guilty of one count of
    criminal sexual conduct in the first degree, but mentally ill,
    and was convicted, Ernest F. Oppliger, J. Defendant appeals,
    raising several issues. *Held:*

    1. Testimony of two police officers relating to the defendant's
    sanity was prematurely allowed and should not have been
    admitted into evidence until after defendant had introduced
    evidence that he was insane. The testimony was also admitted
    . without a proper foundation because the police officers lacked
    an ample opportunity to observe the defendant.

    2. It was error for the trial court to permit the prosecution to
    question the police officers about defendant's silence at the time
    of his arrest on the theory that there was some indication that
    defendant was not insane. The error was harmless, however,
    since defendant admitted all the elements of the crimes
    charged except the element of sanity.

    3. It was error for the trial court to admit into evidence
    certain photographs of the victim, a blood-stained sheet, some

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 70.
    Modern status of rules as to burden and sufficiency of proof of
    mental irresponsibility in criminal case. 17 ALR3d 146.
[2] 21 Am Jur 2d, Criminal Law § 356.
[3] 21 Am Jur 2d, Criminal Law §§ 165, 182.

carrots and a ketchup bottle because their probative value was outweighed by their prejudicial effect.

4. It was error for the assistant prosecutor to question the defendant's mother-in-law on her awareness of the defendant's heroin addiction.

5. The prosecution failed to sustain its burden of proving the defendant sane beyond a reasonable doubt. Therefore, the defendant may not be retried. The proofs offered at trial established only that a crime was committed and that this defendant was not criminally responsible at the time the acts were committed.

Reversed and remanded for entry of a judgment of not guilty by reason of insanity and an order committing the defendant for psychiatric treatment.

1. CRIMINAL LAW — TRIAL — DEFENSES — INSANITY — PRESUMPTION OF SANITY.

A defendant is presumed to be sane from the beginning of a criminal trial until some evidence is introduced to the contrary.

2. CRIMINAL LAW — EVIDENCE — SILENCE.

A defendant's silence at the time of his arrest may not be used against him in a criminal prosecution.

3. CRIMINAL LAW — FAILURE OF PROSECUTOR TO SUSTAIN BURDEN OF PROOF — DOUBLE JEOPARDY — RETRIAL.

Double jeopardy bars retrial of a defendant for the same offenses where the prosecutor fails, in a criminal trial, to sustain his burden of proof that the defendant was sane beyond a reasonable doubt at the time of the commission of the crime.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and T. C. QUINN,* JJ.

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

T. C. QUINN, J. A jury found the defendant guilty of breaking and entering an occupied dwelling with intent to commit a felony, but mentally ill, and guilty of first-degree criminal sexual conduct, but mentally ill. MCL 750.110, 750.520b(1)(f), 768.36; MSA 28.305, 28.788(2)(1)(f), 28.1059. He was sentenced and he now appeals.

The record discloses that there was a brutal physical attack and several horrible and bizarre sexual attacks on the victim by the defendant. It would be difficult to describe a more heinous offense, the facts of which defendant does not deny. In fact, in a pretrial motion *in limine,* defendant moved that the case go to the jury solely on the issue of insanity, admitting all other allegations contained in the information.

In presenting its main case, the prosecution was permitted, over objection, to elicit testimony of two police officers relating to the defendant's sanity. The limited opportunity that the officers had for observation of the defendant is disclosed by the records. Their testimony relating to the defendant's sanity should not have been admitted for two reasons. First, it was premature. Defendant was presumed sane until he introduced some contrary evidence. *People v Sargeant,* 65 Mich App 691; 238 NW2d 175 (1975). Second, this testimony was admitted without a proper foundation because of the officers' lack of ample opportunity to observe the accused. *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969), *People v Wright,* 58 Mich App 735, 743-744; 228 NW2d 807 (1975).

Without the inadmissible testimony of the officers as to the defendant's sanity there is no evidence on this record that he was sane since the expert witnesses of both the prosecution and the defense testified that he was in fact insane. This

record fails to establish that the prosecution met its burden of proving sanity beyond a reasonable doubt.

The trial judge permitted the prosecution to question the police officers about defendant's silence at the time of his arrest on the theory that there was some indication that defendant was not insane. This was error. *People v Bobo*, 390 Mich 355; 212 NW2d 190 (1973). However, in viewing defendant's admission of all of the elements of the crimes alleged except his sanity, we do not consider this reversible error.

Defendant further contends that it was reversible error to admit into evidence certain photographs of the victim, a blood-stained sheet, some carrots and a ketchup bottle, the latter two items having been used in the sexual attacks. In view of defendant's admissions, these exhibits have little, if any, probative value and they should not have been admitted. *People v Falkner*, 389 Mich 682; 209 NW2d 193 (1973).

The defendant's failure to object to prosecutorial comments during closing argument eliminates the necessity of appellate review.

We find that it was error for the assistant prosecutor to question the defendant's mother-in-law on her awareness of the defendant's heroin addiction. *People v Walker*, 86 Mich App 155; 272 NW2d 222 (1978).

In light of the Supreme Court's recent opinion in *People v McLeod*, 407 Mich 632; 288 NW2d 909 (1980), we find defendant's arguments concerning the constitutionality of the guilty but mentally ill statute, MCL 768.36; MSA 28.1059, meritless.

Accordingly, we find that since the prosecution failed to sustain its burden of proving this defendant sane beyond a reasonable doubt, the defen-

dant may not be retried. *Burks v United States,* 437 US 1, 18; 98 S Ct 2141; 57 L Ed 2d 1 (1978). The proofs offered at trial established only that a most heinous crime was committed and that this defendant was not criminally responsible at the time these unspeakable acts were perpetrated. We therefore reverse the guilty but mentally ill conviction and remand the cause for entry of a judgment of not guilty by reason of insanity and an order committing the defendant for psychiatric treatment pursuant to MCL 330.2050; MSA 14.800(1050).

Reversed and remanded.