PEOPLE v BRAND

Docket No. 48965. Submitted April 20, 1981, at Detroit.—Decided
    May 20, 1981. Leave to appeal applied for.

    Danny C. Brand was convicted of first-degree murder, St. Clair
    Circuit Court, Ernest F. Oppliger, J. He appeals, alleging that
    the trial court erred in admitting testimony concerning his
    postarrest statements. *Held:*

        Defendant raised no objection to the admission of the subject
    testimony in the trial court and thus failed to preserve the
    issue for appeal, no manifest injustice having been found. In
    addition, admission of the testimony did not constitute error.
    The testimony was properly admitted to rebut and impeach
    defendant's witnesses on the question of his sanity.

        Affirmed.

1. APPEAL — PRESERVING QUESTION — MANIFEST INJUSTICE.

    Failure to raise an issue in the trial court generally precludes
    review on appeal absent a finding of manifest injustice.

2. CRIMINAL LAW — EVIDENCE — REBUTTAL.

    Evidence which tends to refute or impeach evidence offered by a
    defendant may be admitted in rebuttal.

3. CRIMINAL LAW — PRESUMPTION OF SANITY — EVIDENCE — REBUT-
    TAL.

    A defendant in a criminal case is presumed sane until he intro-
    duces evidence to the contrary, and evidence relative to his
    sanity is properly introduced by the prosecution in rebuttal to
    assertions by the defendant rather than in its case in chief.

4. CRIMINAL LAW — EVIDENCE — OPINION — SANITY.

    An isolated characterization of a defendant by a prosecution
    witness which is more a comment regarding the defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 553.
[2, 3] 29 Am Jur 2d, Evidence §§ 250, 269.
[3] 29 Am Jur 2d, Evidence § 203.
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 88.
    81 Am Jur 2d, Witnesses § 566.

demeanor rather than an opinion regarding the defendant's sanity and which is not purposely elicited by the prosecution does not constitute error requiring reversal on the grounds that it is lay testimony regarding defendant's sanity which would be admissible only upon the laying of a proper foundation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. On August 20, 1979, defendant was convicted by a jury of first-degree murder, contrary to MCL 750.316; MSA 28.548. On August 27, 1979, the trial court sentenced defendant to life imprisonment with credit for time previously served in the St. Clair County jail. Defendant appeals as of right, pursuant to GCR 1963, 806.1.

Defendant was charged with the murder of his former wife, Kathleen Brand. Prior to trial, a *Walker*[1] hearing was held to determine the admissibility of certain inculpatory postarrest statements made by defendant to Detective Donald Savalox of the Michigan State Police and Detective Ralph Cerpial of the Algonac Police Department. These statements were made after the officers told defendant that no attorney was available in response to his request for one. The trial judge ruled that any statements made by defendant after his request for counsel were inadmissible under *People v Parker,* 84 Mich App 447, 452; 269 NW2d

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

635 (1978), *lv den* 406 Mich 884 (1979), and *People v Lewis,* 47 Mich App 450; 209 NW2d 450 (1973).

Prior to the prosecution's resting its case, at defense counsel's request, a separate record was made outside the presence of the jury to determine whether the testimony of two prosecution witnesses, St. Clair County Sheriff's Deputies Daniel Eastwood and Thomas J. Carr, would fall within the scope of evidence excluded by the trial court's *Walker* hearing ruling. After taking testimony from these witnesses, the trial court ruled that their testimony concerning defendant's postarrest statements would be inadmissible under the court's prior ruling.

Defendant never denied the shooting, his sole defense being insanity. In support of this claim, defendant presented both lay and expert witnesses.

After the defense rested, the prosecutor presented several rebuttal witnesses, including Deputies Daniel Eastwood and Thomas J. Carr. Eastwood and Carr testified concerning defendant's postarrest statements in which he admitted killing Kathleen Brand. It is undisputed that the trial court had previously excluded those statements from the prosecutor's case in chief. On appeal, defendant argues that the admission of these statements constituted improper rebuttal testimony and violated the trial court's previous order.

Preliminarily, we note that no objection was raised at trial to the admission of the deputies' testimony. Accordingly, we need not reach this issue absent a finding of manifest injustice. *People v Moss,* 397 Mich 69, 70; 243 NW2d 254 (1976), *People v Coles,* 79 Mich App 255, 262; 261 NW2d 280 (1977). We find that no manifest injustice was occasioned by the admission of this testimony and hold that defendant has failed to preserve this

issue for appeal. Nevertheless, we further note that the admission of this testimony was not erroneous.

The testimony of Officers Eastwood and Carr related to defendant's actions and statements following his arrest for the charged crime. This evidence was offered not for its substantive value but to rebut and impeach the testimony of defendant's witnesses (and Dr. Tanay's videotaped interview with defendant) which indicated that the defendant was a psychotic who believed that he was controlled by demons at the time of the crime. Through the deputies' testimony, the prosecutor specifically brought out the fact that defendant never mentioned demons after his arrest but stated that he had committed the crime because he was angry at his former wife for living with another man. Since the officers' testimony tended to refute or impeach evidence raised by defendant, it was proper rebuttal testimony. *People v Meadows,* 80 Mich App 680, 686; 263 NW2d 903 (1977).

In *People v Murphy,* 100 Mich App 413, 415; 299 NW2d 51 (1980), *lv gtd* 410 Mich 920 (1981), this Court held that testimony of two police officers relating to defendant's sanity was prematurely allowed and should not have been admitted into evidence until after defendant had introduced evidence that he was insane. Because a defendant is presumed sane until he introduces some evidence to the contrary, *People v Sargeant,* 65 Mich App 691; 238 NW2d 175 (1975), the proper place for the testimony of Officers Eastwood and Carr was in rebuttal, rather than in plaintiff's case in chief. See *Murphy, supra.*

Although the trial judge specifically ruled that defendant's postarrest statements were inadmissible as substantive evidence during the prosecutor's

case in chief, the rebuttal testimony was not offered to prove that the crime was committed. Consequently, its admission did not contravene the trial court's previous ruling. It should be noted that the trial judge specifically instructed the jury regarding the purpose of the rebuttal testimony as follows:

"This now leads us to the point in the trial where we have rebuttal testimony and the testimony that you are about to hear is intended to be in answer to the evidence presented by the defense which related to defendant's mental state. This rebuttal testimony is inadmissible for any other purpose such as for proof that the crime was in fact committed.

"You will consider the testimony for the purpose of determining the defendant's mental state on September 19th and only for that purpose."

Accordingly, the evidence was properly admitted on rebuttal.

Defendant contends that the deputies' testimony that defendant related the incidents "like a kid that hit a homerun" constituted inadmissible lay testimony on the issue of defendant's sanity without a proper foundation as required by *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969). This argument is without merit. We conclude that the officers' isolated characterization of defendant was more of a comment on defendant's demeanor than an opinion of his sanity. We also note that neither of these statements was purposely elicited by the prosecutor.

Affirmed.