PEOPLE v TYSON

Docket No. 61835. Submitted June 20, 1983, at Detroit.—Decided February 22, 1984. Leave to appeal applied for.

Schweidel Tyson was convicted of armed robbery and felony-firearm, Wayne Circuit Court, Irwin H. Burdick, J. Defendant appealed, alleging that: 1) the Double Jeopardy Clause barred his trial since earlier proceedings had ended in two mistrials, one on defendant's motion which was provoked by deliberate misconduct of the prosecutor; 2) the trial judge abused his discretion by denying defendant's motion for a continuance; 3) the trial judge abdicated his discretionary duty by allowing the prosecutor to insist that defendant present his proofs before rebuttal; 4) the prosecutor was guilty of misconduct in his argument to the jury; and 5) he was denied a fair trial because of the admission of a statement he made to the police which had been ruled to have been involuntarily made. *Held:*

1. The Double Jeopardy Clauses of the United States and Michigan Constitutions do not bar a retrial of a defendant whose trial ended in a mistrial to which he consented unless some action of the judge or the prosecutor was intended to provoke the defendant's request for a mistrial. The conduct of the prosecutor could be equally interpreted as consistent with a good faith effort to comply with the judge's order or as a deliberate attempt to introduce inadmissible testimony.

2. The court did not abuse its discretion in denying defendant's motion for a continuance.

3. Defendant's claim that the trial judge abdicated his discre-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 285, 286.

Retrial of defendant after grant of mistrial at defendant's request as not constituting double jeopardy. 47 L Ed 2d 267.

Double jeopardy as bar to retrial after grant of defendant's motion for mistrial. 98 ALR3d 997.

What constitutes accused's consent to court's discharge of jury or to grant of state's motion for mistrial which will constitute waiver of former jeopardy plea. 63 ALR2d 728.

[2] 21A Am Jur 2d, Criminal Law § 825.

[3] 5 Am Jur 2d, Appeal and Error §§ 545, 549.

tionary duty by allowing the prosecutor to insist that defendant present his proofs before rebuttal was rejected.

4. The prosecutor did engage in misconduct in arguing to the jury that defendant's expert witness lacked integrity and testified in his own pecuniary best interest. However, the court allowed defendant to argue that the expert was court-appointed, paid by the county, and would get more money in private practice than by a court appointment. Defendant waived this claim of error as a reasonable trial tactic when he accepted the court's offer to make countering arguments.

5. Defendant failed to object to the introduction of statements he had made to the police. There was no manifest injustice.

Affirmed.

1. Criminal Law — Double Jeopardy — Mistrial.

The Double Jeopardy Clauses of the United States and Michigan Constitutions do not bar a retrial of a defendant whose trial ended in a mistrial to which he consented unless some action of the judge or the prosecutor was intended to provoke the defendant's request for a mistrial.

2. Criminal Law — Trial — Prejudicial Error — Waiver — Appeal.

Claims of prejudicial error during a criminal trial may be waived as a matter of reasonable trial tactics.

3. Appeal — Preserving Question.

Failure to raise an issue in the trial court generally precludes review on appeal absent a finding of manifest injustice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffery Caminsky,* Assistant Prosecutor, for the people.

State Appellate Defender (by *Nora J. Pasman),* for defendant on appeal.

Before: V. J. Brennan, P.J., and Wahls and M. E. Dodge,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

Defendant first claims that his retrial (earlier proceedings had ended in two mistrials) was barred by the constitutional ban on double jeopardy. We disagree. Defendant's second trial ended during the direct examination of a prosecution witness. The witness, a police officer, was asked if defendant's appearance was the same when he was booked as it was at trial. The officer replied that, at the time of booking, the defendant "displayed a feeling of remorse". Defense counsel claimed, and the judge at trial agreed, that this testimony violated the court's order precluding the use of defendant's statement made shortly after his arrest. Defendant's motion for a mistrial was granted.

Defendant claims that his retrial was barred because his motion for a mistrial was provoked by the deliberate misconduct of the prosecuting attorney who elicited the testimony concerning defendant's post-arrest conduct. The Double Jeopardy Clause of the United States Constitution does not generally bar the retrial of a defendant whose trial ends in a mistrial granted with his consent. *United States v Dinitz,* 424 US 600, 607-610; 96 S Ct 1075; 47 L Ed 2d 267 (1976). A narrow exception to this rule exists where governmental action (that of either the judge or the prosecutor) is intended to provoke the defendant's request for a mistrial. *Oregon v Kennedy,* 456 US 667, 674; 102 S Ct 2083; 72 L Ed 2d 416 (1982). See also *People v Benton,* 402 Mich 47, 54, fn 4; 260 NW2d 77 (1977).

Defendant argues that the objective facts surrounding his second trial indicate that the prose-

cutor was motivated by the desire to avoid a jury verdict by goading the defendant into moving for a mistrial. See *Oregon v Kennedy, supra,* pp 679-680 (Powell, J., *concurring).* Defendant points to the prosecutor's failure to use due diligence to produce several indorsed res gestae witnesses. The prosecutor, defendant argues, sought to avoid a verdict, because he knew that the defendant would either be acquitted or be granted a new trial. Defendant has not, however, outlined the nature of the testimony which the missing indorsed res gestae witnesses were expected to give. He mentions only that several were police officers and several were eyewitnesses who could not identify the defendant. At his trial, defendant asserted a defense of insanity. If the absence of the res gestae witnesses was not prejudicial, defendant would not have been entitled to a new trial. *People v Willie Pearson,* 404 Mich 698, 724; 273 NW2d 856 (1979).

We are unwilling to assume bad intent where the conduct of the prosecutor is, at least, equally consistent with a good faith effort to comply with the court's order. The objective facts do not support defendant's claim of deliberate misconduct. See *United States v Crouch,* 566 F2d 1311, 1316-1320 (CA 5, 1978), *United States v Nelson,* 582 F2d 1246, 1248-1249 (CA 10, 1978), *cert den* 439 US 1079; 99 S Ct 860; 59 L Ed 2d 49 (1979), *People v Wilson,* 48 Ill App 3d 885; 6 Ill Dec 692; 363 NE2d 374 (1977), *rev'd on other grounds* 74 Ill 2d 319; 24 Ill Dec 503; 385 NE2d 644 (1978), *Commonwealth v Wiggins,* 472 Pa 95; 371 A2d 207 (1977). Compare *People v Gomez,* 84 Ill App 3d 785; 40 Ill Dec 683; 406 NE2d 886 (1980), and *Commonwealth v Warfield,* 424 Pa 555; 227 A2d 177 (1967). See, also, Anno: *Double jeopardy as bar to retrial after grant of defendant's motion for mistrial,* 98 ALR3d 997.

Defendant also argues that a more stringent standard governing retrial after a mistrial should be adopted in Michigan as a matter of state constitutional law. We disagree. The scope of the law of jeopardy is generally the same under both the Michigan and federal constitutions. *People v Alvin Johnson,* 396 Mich 424, 430, fn 2; 240 NW2d 729 (1976). The area in which Michigan and federal principles concerning double jeopardy differ is unrelated to mistrials. *People v Wilder,* 411 Mich 328, 348, fn 10; 308 NW2d 112 (1981).

Defendant next claims that the trial judge abused his discretion by denying his motion for a continuance. Defendant began introducing his proofs on the fourth full day of trial. On the next day, the testimony of one witness was presented before defense counsel indicated to the trial court that another subpoenaed witness had failed to appear at trial. Defendant suggested that the prosecution examine its rebuttal witness and that the missing witness be presented out of order. The trial judge held that the prosecution had a right to insist on presenting its rebuttal evidence in order and adjourned the trial to allow defense counsel to produce information concerning the whereabouts of the missing witness. Defense counsel called a neighbor of the witness who informed him that the witness was out of town. The neighbor did not know on what date he was expected to return. Defendant's request for a continuance was denied. In his offer of proof, defense counsel stated that the witness would have testified that he had seen defendant bleeding from the wrist two days before the robbery of which defendant was convicted.

A trial judge's decision to deny a defendant's request for a continuance is subject to review for abuse of discretion. *People v Charles O Williams,*

386 Mich 565, 571-573; 194 NW2d 337 (1972). We find no abuse of discretion in this case. The testimony described in the offer of proof was not especially probative of a claim of insanity. Another witness had testified that defendant had attempted suicide shortly before the commission of the robbery. Records of the Wayne County Jail, introduced at trial, established the fact that defendant's wrists were lacerated. Defendant exhibited his scars to the jury at trial. Equally important was defense counsel's failure to request a continuance or assistance of the court until the end of his proofs, despite the failure of the witness to appear in court on the first four days of the trial. Defense counsel could not predict when the witness might return to the state allowing the trial to be concluded. We find no abuse of discretion.

We also reject defendant's claim that the trial judge abdicated his discretionary duty by allowing the prosecutor to insist that defendant present his proofs before rebuttal. Nothing in the record indicates that the order of proofs would have made any difference if defense counsel could have confidently predicted a certain date on which the missing witness would have been produced. The question of order had no bearing on the decision of the trial court to deny the request for a continuance. Moreover, defendant has cited no authority in support of his claim that the trial judge had discretion to insist that a party present its witness out of order.

Defendant next claims that the prosecutor was guilty of misconduct in his argument to the jury. The prosecutor claimed that the expert psychiatric witness presented by the defense was "lacking in integrity". He stated that the witness "testified in a way that was in his best interest to testify". He

asked what interest the witness could have in testifying that defendant was insane and replied "money". He stated that the witness "gets paid to do it". He asked what defendant was going to hire the witness to testify that he is not insane. After a defense objection, he told the jury that the psychiatric witness "was seeing what he wanted to see, which was insanity, getting him off the hook and getting his fee". He then compared the alleged motivations of the defendant's witness with those of the "unbiased expert who works for the State of Michigan" at the Center for Forensic Psychiatry. Outside the presence of the jury, defense counsel objected to the argument made by the prosecutor. He pointed out that the prosecutor had not elicited any testimony from the expert concerning payment for his services, despite ample opportunity to do so. He pointed out that the prosecutor was aware that defense counsel had encountered great difficulties in securing any psychiatric testimony, because of the failure of Wayne County to pay independent psychiatric witnesses appointed to examine indigent defendants in criminal trials. He pointed out that the prosecutor was aware that the Chief Judge of the circuit court had personally intervened with this psychiatrist in order to have him examine the defendant. He then stated:

"If I'm not, in some matter, allowed to respond to that, I don't see how I can respond on the basis of the evidence. Of course, no evidence was introduced as to this court's appointment as to the amount of money he's to be paid for this service.

"Again, I would ask for a mistrial. I believe it is that prejudicial to this client, to have the doctor's credibility, in closing argument to be put before the jury, which is not in evidence."

After further argument by both counsel, the court ruled that the prosecutor had made arguments which were not based on any testimony at trial. He stated that "in order to balance one against the other", he would permit defense counsel to state that the psychiatric witness was court-appointed, paid by the county and "would get more money in private practice than by a court appointment".

In his closing argument, defense counsel made these points and others. In a lengthy rebuttal, the prosecutor did not return to his attack on the defendant's psychiatric witness, nor did he compare his motivations to those of the witness from the Forensic Center.

We agree with defendant's claim that the argument made by the prosecutor must be considered misconduct. The record clearly supports defendant's claim that the prosecutor was aware that his statements to the jury inaccurately characterized the facts concerning the payment of the court-appointed psychiatrist. This argument appears to have been a deliberate attempt to inject prejudicial error into the trial. Nonetheless, we believe that this claim of error was waived when defense counsel accepted the court's offer to make countering arguments. Defense counsel could have reasonably believed that these countering arguments successfully undermined the credibility of the prosecuting attorney to the extent that defendant might benefit from having his case decided by this jury. To waive this claim of error was a reasonable tactical choice. We find no manifest injustice even though the trial judge might have done more to correct the misstatements made by the prosecuting attorney.

Defendant also claims that he was denied a fair

trial because a police witness was allowed to testify that defendant told him that:

"I went into the bank to rob it, but they had glass in front of the teller cage, so I went into the restaurant and told the people to give me the money out of the cash register."

Earlier, the trial court had ruled that the statement had been made involuntarily. Because no objection was made, we will not reverse absent manifest injustice. *People v Brand,* 106 Mich App 574, 576; 308 NW2d 288 (1981). We find no manifest injustice in this case. Defendant's statement was not inconsistent with his claim of lack of criminal responsibility. Other testimony concerning his demeanor during trial (but outside the presence of the jury) was considerably more damaging to defendant's claim of insanity.

Affirmed.