PEOPLE v. BRANNON

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS.

    Photographs, like other kinds of demonstrative evidence, generally are admissible in evidence if they are helpful in illuminating any material point in issue.

2. SAME—SECOND-DEGREE MURDER—EVIDENCE—PHOTOGRAPHS OF VICTIM.

    Prosecution charging a person with second-degree murder must prove the death of the alleged victim, that the death was not due to natural causes, and that the defendant was the killer; therefore, photographs showing the body of the victim with a stab wound in the neck were material to the first two items of proof where defendant did not concede such items at trial (CL 1948, § 750.317).

3. SAME—EVIDENCE—PHOTOGRAPHS—INFLAMMATION OF THE MINDS OF JURORS.

    The introduction in evidence of photographs may be objected to because they are not material, because they do not accurately represent the thing photographed, or because they are calculated to inflame the minds of the jurors, and the trial judge, in the exercise of his duty to control the proceedings, must see that the photographs are admissible in all respects before admitting them (CL 1948, § 768.29).

4. EVIDENCE—ADMISSIBILITY—DISCRETION OF TRIAL COURT.

    Admissibility of photographs is a matter for the discretion of the trial court, and if it admits photographs that could be prejudicial, it must explain to the jury that they may consider the photographs only for the purpose for which they were introduced.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  29 Am Jur 2d, Evidence § 785.
[2, 5]  29 Am Jur 2d, Evidence § 785.
    40 Am Jur 2d, Homicide §§ 417, 418.

5. SAME—PHOTOGRAPHS OF MURDER VICTIM—ADMISSIBILITY—PREJ-
    UDICE TO JURY.

    Photographs of murder victim as he was found in an alley, with
    clothing disarranged, contusions and abrasions about the body,
    a stab wound in the neck, and a blood-soaked shirt *held,* not
    too inflammatory to be introduced into evidence.

Appeal from Recorder's Court of Detroit, Groat
(Gerald W.), J. Submitted Division 1 May 7, 1968,
at Detroit. (Docket No. 2,598.) Decided December
2, 1968.

Marvin Brannon was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Barbara K. Hackett,* Assistant
Prosecuting Attorney, for the people.

*Rothe, Marston, Mazey, Sachs & O'Connell (Mel-
vyn J. Kates,* of counsel), for defendant.

T. G. KAVANAGH, P. J. On Saturday night, Octo-
ber 2, 1965, a group of people gathered in the apart-
ment of Mrs. Ernestine Avery where alcoholic bever-
ages were consumed and a game of poker was
played. At about 10:30 Mrs. Avery and 2 of her
guests left the apartment for the purpose of pur-
chasing more liquor at a nearby store. Only the
defendant, Marvin Brannon, Ray Revels, and Mrs.
Avery's 14-year-old son, who claimed to be an eye-
witness to the killing of Revels, remained at the
apartment. When Mrs. Avery and her companions
returned from the store they found Revels, seriously
wounded, lying in the doorway to the apartment.
Early the next morning Revels' body was discovered

in an alley quite some distance away from the Avery apartment. The body was photographed by the police department as it lay in the alley and these photographs were admitted into evidence at the trial over the objection of defense counsel.

Defendant was convicted of murder in the second degree, CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549), and was sentenced to prison for 10 to 20 years.

On appeal defendant contends that the trial court committed reversible error in admitting the photographs into evidence because they were not material to any point in issue, and they were so gruesome as to inflame the minds of the jurors against defendant thereby denying him a fair trial.

At the trial a separate record, out of the presence of the jury, was made on the issue of admissibility. At that time defendant objected to the admission of the photos on 2 grounds—first that they were not taken at the scene of the alleged homicide, and second that they would inflame the minds of the jurors. He did not challenge their materiality.

In general, photographs, like other kinds of demonstrative evidence, are admissible if they are helpful in illuminating any material point in issue. *People* v. *Becker* (1942), 300 Mich 562 and *People* v. *Freeman* (1965), 1 Mich App 63. In the case at bar the people were required to prove the death of the alleged murder victim, that such death was not due to natural causes, and that defendant was the killer. These photographs of the lifeless body of the deceased showing a stab wound in his neck were certainly material in the first two of these points. Defendant asserts in his brief that he did not dispute either the death of the deceased or that it was the result of unnatural causes, and for that reason such facts were not in issue. Never-

theless the record in this matter discloses that defendant did not articulate such a position at the trial, and we hold that the photographs were not inadmissible on the ground of not being material to points in issue.

Defendant's second asserted ground for reversal is that the photos were calculated to inflame the minds of the jury. In a case similar to the one before us the Illinois Supreme Court said:

"Mindful of the prejudicial emotion that might be aroused by the introduction of a victim's photograph, the courts have, on the whole, been strict in their requirement that a proper purpose be shown for the introduction of such an exhibit." *People* v. *Jackson* (1956), 9 Ill 2d 484 (138 NE2d 528, 531).

The admission of photographs may be objected to: 1) because they are not material to any point in issue, see *People* v. *Becker, supra;* 2) because they do not adequately represent the person, place or thing photographed, see *People* v. *Herrell* (1965), 1 Mich App 666; or 3) because they are calculated to inflame the minds of the jurors, see *People* v. *Burns* (1952), 109 Cal App 2d 524 (241 P2d 308).

Once an objection to photographs has been made on one or more of these grounds, the trial judge should, in exercising his duty to control the proceedings,* satisfy himself that the photos are admissible in all respects. Since the admissibility of photographs is a matter for the discretion of the court, *Perri* v. *Tassie* (1940), 293 Mich 464, in the exercise of that discretion, with reference to the third ground for objection, the court should exclude the photographs if he concludes that the issue to be proved could be effectively established with evidence less potentially prejudicial. If he deter-

---

* CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052.)

mines that the photographs should be admitted but there is some danger of prejudice, it is incumbent upon the judge to explain to the jury that they may consider the photos only for the purpose for which they were introduced. See *Commonwealth v. Simmons* (1949), 361 Pa 391 (65 A2d 353), *cert. denied* (1949), 338 US 862 (70 S Ct 96, 94 L Ed 528).

In this case, we do not condone the admission of these five black and white prints into evidence merely to prove victim's death through unnatural means, as such was capable of proof without reliance on photographs.

In this case, however, a thorough examination of the exhibits convinces that they were not inflammatory. No ground for reversal was established.

Affirmed.

R. B. BURNS and DALTON, JJ., concurred.