PEOPLE v NEAL

Docket No. 77-331. Submitted March 8, 1978, at Grand Rapids.—
Decided May 8, 1978.

Charles E. Neal was convicted of manslaughter, after the trial
court had denied his motion for a directed verdict of acquittal,
Berrien Circuit Court, William S. White, J. Defendant appeals.
*Held:*

The trial court did not err in denying the defendant's motion
for a directed verdict of acquittal where the corpus delicti of
the crime charged was established by circumstantial evidence
and the reasonable inferences drawn therefrom, and where the
evidence introduced at trial would justify a reasonable man in
concluding that all of the elements of the crime, including the
defendant's participation, were established beyond a reasonable
doubt.

Affirmed.

1. HOMICIDE—FELONIOUS HOMICIDE—MANSLAUGHTER—CORPUS DELICTI
—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

The corpus delicti of felonious homicide, including manslaughter,
consists of evidence of a death and of a criminal agency as its
cause; the corpus delicti may be established by circumstantial
evidence and reasonable inferences drawn therefrom.

2. CRIMINAL LAW—APPEAL AND ERROR—MOTIONS—DIRECTED VERDICT
OF ACQUITTAL—EVIDENCE—ELEMENTS OF CRIME.

Denial of a defendant's motion for a directed verdict of acquittal
is appropriate where the evidence, introduced to the time that
the motion is made, viewed in the light most favorable to the
prosecution would justify a reasonable man in concluding that

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 284, 455.
[2] 5 Am Jur 2d, Appeal and Error § 886.
[3] 75 Am Jur 2d, Trial §§ 208, 266.
   Propriety and prejudicial effect of comment or evidence as to
   accused's willingness to take lie detector test. 95 ALR2d 819.
[4] 75 Am Jur 2d, Trial § 176.
[5] 40 Am Jur 2d, Homicide § 280.

all of the elements of the crime are established beyond a reasonable doubt.

3. CRIMINAL LAW—MISTRIAL—WITNESSES—REFERENCE TO POLYGRAPH TEST—APPEAL AND ERROR.

A trial court's failure to grant a mistrial because of a reference, by a prosecution witness, to the fact that a defendant had been asked to take a polygraph test was not error where the reference was brief, inadvertent and isolated, and was not pursued beyond the original mention of the test.

4. CRIMINAL LAW—MOTIONS—MISTRIAL—EVIDENCE—TRAFFIC ARREST —ARREST WITHOUT CONVICTION—TRIAL COURT'S DISCRETION.

Denial of a defendant's motion for a mistrial because there was testimony of a police officer concerning a prior traffic arrest and that the officer searched the trunk of the defendant's car while there were five or six police officers present, and that karate sticks were found in the trunk was not an abuse of discretion where the defendant did not specifically object to the officer's testimony on grounds that it presented to the jury evidence of prior arrests which did not result in conviction.

5. CRIMINAL LAW—HOMICIDE—EVIDENCE—VICTIM'S PREGNANCY—MOTIVE—DEFENDANT'S KNOWLEDGE.

It was not an abuse of the trial court's discretion to allow the introduction of evidence of a homicide victim's alleged pregnancy where the evidence was allowed, over the pretrial objection of the defendant, in order to show motive and on condition that there was proof introduced that defendant had knowledge that the victim was claiming that he was the father of the child.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Chris W. Dunfield,* Assistant Prosecuting Attorney, for the people.

*Robert A. Yingst,* for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

BEASLEY, J. Defendant was convicted by a jury of

manslaughter.[1] After sentence, he appeals as a matter of right.

Defendant was charged with the slaying of his 17-year-old girlfriend, when her skull was found some two months after she disappeared from her home. The victim was pregnant at the time of her death, and, although defendant denied it, there was evidence that she claimed that he was the father. There was also evidence that defendant vowed that he would never pay child support for the victim's then unborn child.

Found in a pine grove near where the victim's skull was found was a plastic afro-style hair pick "just like" the one owned by defendant, a piece of rope similar to rope defendant had been seen using to tie down his car trunk lid and various items of women's clothing, including a checkered coat similar to one worn by the victim and a bra with a cut strap. The piece of rope had bloodstains on it. A man who lived near where the skull was found said he saw a car parked in the vicinity on the night of the victim's disappearance. He said he saw a black man in the driver's seat and a woman in a checkered coat lying down in the car. He identified defendant as the man he saw in the car. The witness said he found a woman's shoe in the pine grove a few days later. He said he saw car tracks going from the main road up an old road which runs by the pine grove, and that he saw footprints around where the car was parked and a single set of footprints leading into and then coming out of the pine grove. He said the tracks going into the pine grove were deeper than those coming out.

Two other witnesses testified that defendant asked them to falsify statements to investigating

---

[1] MCL 750.321; MSA 28.553.

police officers in order to support defendant's alibi story.

On appeal, defendant contends that the trial court erred in denying his motion for a directed verdict of acquittal. His claim is based on two grounds: 1) that the prosecution failed to establish the corpus delicti of homicide, and 2) that the prosecution failed to present sufficient evidence that defendant committed the alleged crime. We do not agree.

Defendant first argues that the prosecution failed to establish the corpus delicti of the homicide in the within case. The Michigan authorities have held that the corpus delicti of a felonious homicide, including manslaughter, consists of evidence of a death and of a criminal agency as its cause.[2] The corpus delicti may be established by circumstantial evidence and reasonable inferences drawn therefrom.[3]

A review of the evidence in the within case convinces us that the prosecution met its burden of establishing the corpus delicti of the homicide. We also find that there was evidence introduced at trial which, viewed in the light most favorable to the prosecution, would justify a reasonable man in concluding that all of the elements of the crime, including defendant's participation, were established beyond a reasonable doubt.[4] The trial court did not err in denying defendant's motion for a directed verdict.

Defendant also contends that the trial court

[2] *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975), *overruled, Jackson County Prosecutor v Court of Appeals,* 394 Mich 527, 528; 232 NW2d 172 (1975) (overruled on jurisdictional question only).

[3] *People v Burlingame,* 257 Mich 252; 241 NW 253 (1932), *People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975).

[4] *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975), *People v Scott,* 72 Mich App 16, 19; 248 NW2d 693 (1976).

erred in failing to grant a mistrial following mention by a prosecution witness that defendant had been asked to submit to a polygraph test and that defendant had been arrested for a traffic violation and karate sticks were found in the trunk of his car at that time. We do not agree.

The reference to the polygraph test in the within case was brief, inadvertent and isolated, and it was not pursued beyond the original mention of the test. In addition, defendant expressly waived right to a mistrial with regard to the polygraph remark. There was no error.[5]

As to the evidence of a prior traffic arrest, defendant objected at trial to the police officer's testimony that he had searched the trunk of defendant's car and that there were five or six police officers present. Defendant contended that this was highly prejudicial and, coupled with the reference to a polygraph test, should result in a mistrial. Defendant did not specifically object to the officer's testimony on grounds that it presented to the jury evidence of prior arrests which did not result in conviction. We are not convinced that there was an abuse of discretion by the trial court in denying defendant's motion for a mistrial, and decline to hold that there was error.[6]

Finally, defendant contends that the trial court erred in permitting testimony regarding the victim's alleged pregnancy. We do not agree. The trial court allowed the testimony over the pretrial objection of defendant in order to show motive and on the condition that there was proof introduced that defendant had knowledge that the victim was claiming that he was the father of the child. We

---

[5] *People v Whitfield,* 58 Mich App 585; 228 NW2d 475 (1975), *People v Paffhousen,* 20 Mich App 346; 174 NW2d 69 (1969), *People v Tyrer,* 19 Mich App 48; 172 NW2d 53 (1969).

[6] *People v Hayton,* 28 Mich App 673; 184 NW2d 755 (1970).

find no abuse of the trial court's discretion and decline to hold that there was error.[7]

Affirmed.

[7] *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).