PEOPLE v BRYANT

Docket No. 57473. Submitted October 7, 1982, at Lansing.—Decided October 11, 1983.

Defendant, Alfred D. Bryant, was charged with second-degree murder. Following a jury trial in the Genesee Circuit Court, he was convicted of manslaughter. The trial court, Harry B. McAra, J., sentenced defendant to 8 to 15 years imprisonment. Defendant appeals raising several issues. *Held:*

1. The trial court did not abuse its discretion in refusing to accept the defendant's plea of guilty to manslaughter. Defendant did not show that he was prejudiced by the trial court's failure to accept the plea. There is no evidence supporting defendant's contention that the trial court increased his sentence because defendant failed to plead guilty just prior to trial when he was again offered a 4- to 15-year recommended sentence in return for a guilty plea.

2. The trial court properly refused to suppress evidence concerning the victim's body and evidence regarding the police officers' and firefighters' observations that the victim was dead.

3. Even assuming that the trial court erred in instructing the jury, over defendant's objection, on the lesser included offense of assault with intent to murder, the error was harmless.

4. The trial court did not abuse its discretion in admitting

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 469, 486.

[2] 5 Am Jur 2d, Appeal and Error § 815.
75 Am Jur 2d, Trail § 906.

[3] 29 Am Jur 2d, Evidence §§ 785-788.

[4] 21A Am Jur 2d, Criminal Law §§ 751, 752, 985.
Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

[5] 40 Am Jur 2d, Homicide §§ 139, 151-154.
Duty to retreat as condition of self-defense when one is attacked at his office, or place of business or employment. 41 ALR3d 584.

[6] 40 Am Jur 2d, Homicide §§ 284, 432.
Identification of victim as person named in indictment or information. 86 ALR2d 722.

into evidence four of the seven photographs of the victim which were offered by the prosecution. The extent of the injuries was critical to the prosecution's case and the photographs were substantially necessary or instructive in proving the prosecution's case.

5. Defendant was not deprived of the effective assistance of counsel by his counsel's failure to request a self-defense jury instruction. The record presents no evidence to support such a theory.

6. The corpus delicti was adequately established before the defendant's confessions were admitted into evidence.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — CONSTITUTIONAL LAW.

The decision to accept or reject a plea is within a trial court's discretion; no one has a constitutional right to have his plea accepted.

2. HOMICIDE — APPEAL — HARMLESS ERROR — JURY INSTRUCTIONS.

A trial court's erroneous instruction of the jury, over the defendant's objection, in a trial for second-degree murder on the lesser included offense of assault with intent to murder may be found to be harmless error where the jury convicted the defendant of manslaughter, thus believing that the defendant killed the victim but did not intend to murder him.

3. HOMICIDE — EVIDENCE — PHOTOGRAPHS.

The decision to admit or exclude photographs of the victim in a murder trial is within the trial court's discretion; while the trial court need not require that the prosecution exhaust all alternative forms of proof, the court must determine whether or not the photographs are substantially necessary or instructive on a material issue before they may be admitted; the more gruesome the picture, the more necessary it must be to proving the prosecution's case.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

The Court of Appeals will not reverse a criminal defendant's conviction based on the claim that he was deprived of the effective assistance of counsel unless (1) defense counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law, or (2) defendant would have had a reasonably likely chance of acquittal but for a serious mistake of defense counsel.

5. HOMICIDE — SELF-DEFENSE.

   Self-defense in a homicide case where the homicide occurred in
   the defendant's home may be established if the defendant was
   not an aggressor and acted in fear of imminent danger, of
   losing his life, or of suffering grievous bodily harm.

6. HOMICIDE — MANSLAUGHTER — CORPUS DELICTI.

   The corpus delicti for the crime of manslaughter consists of
   evidence of a death and of a criminal agency as its cause.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Bennett S. Engelman,* for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On February 13, 1981, defendant was convicted after a jury trial of manslaughter, MCL 750.321; MSA 28.553, and was subsequently sentenced to 8 to 15 years imprisonment. He appeals as of right.

Defendant's first two issues involve an unaccepted guilty plea and his actual sentence. He was originally charged with second-degree murder, MCL 750.317; MSA 28.549, for killing the woman with whom he had been living. On November 13, 1980, he attempted to plead guilty to manslaughter. In return, the prosecution agreed to recommend 4 to 15 years imprisonment. In trying to establish the factual basis, defendant stated that on September 14, 1979, he had fought with and struck the deceased a large number of times. However, when asked how he killed her, he replied that he did not know. The trial court then

---

* Circuit judge, sitting on the Court of Appeals by assignment.

refused to accept the plea. In fact, even after reading the pathologist's report (given at the preliminary examination) which stated that the deceased had died of a fractured cervical vertebra caused by a blow to the neck, the trial court still refused to accept the plea.

Defendant now argues that the trial court abused its discretion by refusing to accept his proffered guilty plea and that he was therefore prejudiced because he received a sentence of 8 to 15 years imprisonment rather than 4 to 15 years. He argues that a sufficient factual basis was established and that the trial court therefore should have accepted the plea.

We agree with defendant that an inculpatory inference could have been drawn. See *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976); *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). Defendant admitted striking the deceased numerous times over a number of hours. This, combined with the pathologist's statement of the cause of death[1] and the fact that no one else had struck the deceased, convinces us that defendant's guilt reasonably could have been inferred.

However, merely because the factual basis could have been inferred does not mean that the trial court must therefore accept the plea. No one has a constitutional right to have his plea accepted. *Lynch v Overholser,* 369 US 705, 719; 82 S Ct 1063, 1072; 8 L Ed 2d 211, 220 (1962). The decision to accept or reject a plea is within the trial court's discretion. *People v Banning,* 329 Mich 1; 44 NW2d 841 (1950); *People v Linscott,* 14 Mich App

---

[1] In the present situation, the trial court properly looked at the preliminary examination transcript. *People v Martinez,* 123 Mich App 145; 333 NW2d 199 (1983).

334; 165 NW2d 514 (1968), *lv den* 381 Mich 807 (1969). Such discretion at least implies that the trial court is to be given some leeway[2] where the inculpatory inference is doubtful. We will not force the trial court to walk a tightrope with possible reversal on either side.

In addition, defendant has not shown that he was prejudiced by the trial court's failure to accept the plea. While he received 8 to 15 years rather than the "bargained for" 4 to 15 years, the bargain is more aptly described as a promise that defendant would be allowed to withdraw his guilty plea if the trial court decided not to abide by the recommended sentence.

Defendant also argues that the trial court punished him for not pleading guilty by increasing his sentence. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972). Just before trial, defendant was again offered a 4- to 15-year recommended sentence if he pled guilty. This time, however, he refused and went to trial instead.

We find no evidence to support this contention. The sentence bargain was never anything but a prosecution recommendation. Nothing in the record indicates that the trial court aggravated the sentence because defendant failed to plead guilty.

Defendant next argues that the trial court erred in failing to suppress evidence of the victim's body and various witnesses' observations that the victim was dead. After defendant discovered that the victim was dead, he called the fire department. At 6:15 a.m., the police received a radio call from the fire department about a DOA. After the police arrived at the apartment, they saw the victim on the bathroom floor, five or six firefighters, and the

---

[2] See *People v Stewart,* 126 Mich App 374; 337 NW2d 68 (1983); *People v Stanford,* 68 Mich App 168, 173; 242 NW2d 56 (1976).

defendant. Eventually, defendant filed a motion to suppress the physical evidence seized from his apartment by the police. The trial court granted the motion concerning most of the items but refused to suppress evidence regarding the police officers' and the firefighters' observations that the victim was dead. It also refused to suppress evidence of the victim's body.

Defendant argues that the trial court's refusal to suppress evidence concerning the victim's body and the witnesses' observations violates this Court's decision in *People v Nash,* 110 Mich App 428; 313 NW2d 307 (1981), *lv gtd* 414 Mich 869 (1982). In *Nash,* the defendant's landlady saw a partially decomposed body in a box on defendant's property. Later, she returned with the sheriff and, while trespassing, the two of them looked in the box. This Court suppressed evidence of the body as a fruit of an illegal search.

The facts of this case are distinguishable from those in *Nash.* Defendant voluntarily called the fire department when he discovered that the victim was dead and consented to the firefighters' entry into his apartment. By this action, defendant was clearly seeking the official intervention of the firefighters to deal with the body. Part of this official intervention necessarily entailed the firefighters' subsequent call to the police when they discovered that the deceased had not died by natural causes. The police officers' entry was, in essence, a continuation of the firefighters' entry and was, thus, in response to defendant's call. *State v Mincey,* 130 Ariz 389; 636 P2d 637 (1981), *cert den* 455 US 1003; 102 S Ct 1638; 71 L Ed 2d 871 (1982); *State v Johnson,* 413 A2d 931 (Me, 1980); *State v Anderson,* 42 Or App 29; 599 P2d 1225 (1979), *cert den* 446 US 920; 100 S Ct 1857; 64 L Ed 2d 275

(1980). See also *People v Chapman,* 73 Mich App 547; 252 NW2d 511 (1977), *lv den* 400 Mich 835 (1977), *cert den* 434 US 956; 98 S Ct 482; 54 L Ed 2d 314 (1977); *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978).

Defendant next argues that the trial court erred in instructing the jury, over his objection, on the lesser included offense of assault with intent to murder, MCL 750.83; MSA 28.278. However, even assuming that the trial court erred, the error would be harmless. Assault with intent to murder has a maximum penalty of life imprisonment. Defendant was instead convicted of manslaughter, a 15-year felony. The jury obviously believed that defendant (1) killed the victim but (2) did not intend to murder her. Neither conclusion would have been possible had the jury instead convicted defendant of assault with intent to murder. See *People v Rochowiak,* 416 Mich 235; 330 NW2d 669 (1982); *People v Cavanaugh,* 127 Mich App 632; 339 NW2d 509 (1983).

Defendant next argues that the trial court abused its discretion in admitting pictures of the victim's nude and beaten body. On the trial's second day, the prosecution offered seven such photographs. The trial court refused to admit three but admitted the other four.

The decision to admit or exclude such evidence is within the trial court's discretion. *People v Duby,* 120 Mich App 241, 256-257; 327 NW2d 455 (1982). While the trial court need not require that the prosecution exhaust all alternative forms of proof,[3] the trial court must determine whether or

---

[3] At one time this Court adopted this requirement. *People v Myers,* 30 Mich App 409, 429; 186 NW2d 381 (1971); *People v Turner,* 17 Mich App 123, 131; 169 NW2d 330 (1969); *People v Brannon,* 14 Mich App 690; 165 NW2d 903 (1968); *People v Rogers,* 14 Mich App 207; 165 NW2d 337 (1968) (KAVANAGH, J., *concurring).* However, this

not the photographs are substantially necessary or instructive on a material issue before they may be admitted. *People v Falkner,* 389 Mich 682, 685; 209 NW2d 193 (1973).

This test balances the concern that exposure to vivid and gruesome images of the victim will cause a juror to forget that the defendant may not be responsible for the outrage against the need to arrive at the truth of how and at whose hands the victim died. Given these competing concerns, the more gruesome (and therefore prejudicial) the picture, the more necessary it must be to proving the prosecution's case.[4]

Applying this sliding-scale standard to the present case's facts reveals reasons to be concerned. The four photographs are in color. See *People v Wallach,* 110 Mich App 37, 67; 312 NW2d 387 (1981). The victim was photographed nude. See *People v Reed,* 393 Mich 342, 366; 224 NW2d 867 (1975), *cert den* 422 US 1048; 95 S Ct 2665; 45 L Ed 2d 701 (1975). The pictures, rather than showing the victim as found, show her after her body had been taken out of the apartment. Despite these factors, however, we do not find an abuse of discretion. First, the injuries shown make it more

standard was rejected in *People v Eddington,* 387 Mich 551, 562-563; 198 NW2d 297 (1972).

[4] Therefore, the trial court will not as likely abuse its discretion if the photographs are not that particularly gruesome. *People v Nard,* 78 Mich App 365; 260 NW2d 98 (1977), *lv den* 408 Mich 916 (1980); *People v Ernest Green,* 74 Mich App 351; 253 NW2d 763 (1977), *aff'd* 405 Mich 273; 274 NW2d 448 (1979); *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974), *lv den* 394 Mich 772 (1975). On the other hand, where the fact to be proven is not at issue, any type of shocking picture should be excluded. *Falkner, supra; People v Jerry Smith,* 122 Mich App 106; 332 NW2d 428 (1982); *People v Murphy,* 100 Mich App 413; 299 NW2d 51 (1980), *aff'd* 416 Mich 453; 331 NW2d 152 (1982); *People v Alsteens,* 49 Mich App 467; 212 NW2d 243 (1973), *lv den* 391 Mich 826 (1974). See *People v Golochowicz,* 413 Mich 298, 316; 319 NW2d 518 (1982), for guidance in determining when a trial court can safely conclude that an issue is material.

likely than otherwise that the victim was killed after being struck by defendant rather than by falling in the bathtub as defendant argued. Second, even if she in fact died slipping and hitting her head on the bathtub, the pictures show that she might have fallen because of the injuries. The four photographs entered in the present case show numerous cuts and bruises all over the victim's body. The most serious injuries shown were on her neck and head. See *People v Thomas,* 126 Mich App 611; 337 NW2d 598 (1983); *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), *modified on other grounds* 411 Mich 982; 308 NW2d 110 (1981); *People v Ranes,* 58 Mich App 268; 227 NW2d 312 (1975). The extent of the injuries was thus critical to the prosecution's case.

Defendant next argues that he was deprived of the effective assistance of counsel. This Court will not reverse on this issue unless (1) defense counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law, or (2) defendant would have had a reasonably likely chance of acquittal but for a serious mistake of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Defendant argues that defense counsel should have argued self-defense. Self-defense in the defendant's home is established if the defendant was not an aggressor and acted in fear of imminent danger of losing his life or of suffering grievous bodily harm. *Pond v People,* 8 Mich 150 (1860); *People v Crow,* 128 Mich App 477; 340 NW2d 838 (1983). In the present case, the record presents no evidence to support such a theory. Therefore, defense counsel did not act ineffectively by failing to request a self-defense jury instruction.

Defendant last argues that the prosecution

failed to sufficiently establish the corpus delicti before his confessions were admitted as evidence. The corpus delicti for manslaughter "consists of evidence of a death and of a criminal agency as its cause". *People v Neal,* 83 Mich App 102, 105; 268 NW2d 303 (1978). After reviewing the record in this case, we conclude that the corpus delicti was adequately established. See *People v Conklin,* 118 Mich App 90; 324 NW2d 537 (1982).

Affirmed.