PEOPLE v OTT

Docket No. 70019. Submitted May 1, 1984, at Lansing.—Decided July
2, 1985.

Defendant, Alexander R. Ott, Jr., was charged with assault with
intent to commit murder and larceny over $100. A plea bargain
was reached between defendant and the prosecutor by which
defendant would plead guilty to a charge of felonious assault
and to the larceny charge. When that plea was offered, the trial
court refused to accept the plea to felonious assault because the
court felt that, under the circumstances of the case, it would
not be in the public interest. A second agreement was reached
whereby defendant would plead guilty to a charge of assault
with intent to do great bodily harm less than murder and to
the larceny count. This plea was accepted and defendant was
convicted, Genesee Circuit Court, Donald R. Freeman, J. Defen-
dant appealed, alleging that the trial court erred in refusing to
accept the first proposed plea bargain and seeking to have his
conviction of assault with intent to do great bodily harm less
than murder set aside and the case remanded for entry of a
conviction of felonious assault. *Held:*

1. The trial court was free to refuse to accept the guilty plea.
The defendant had no absolute right to have his guilty plea
accepted, and the trial court did not interfere with the charging
power of the prosecutor.

Affirmed.

S. D. Borman, J., dissented. She would hold that the trial

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 486-499.

See the annotations in the ALR3d/4th Quick Index under Guilty
Plea; Nolo Contendere or Non Vult.

[2, 4] Am Jur 2d, Prosecuting Attorneys §§ 23-29.

Right of prosecutor to withdraw from plea bargain prior to entry of
plea. 16 ALR4th 1089.

[3-5] Am Jur 2d, Criminal Law §§ 481-485.

Judge's participation in plea bargaining negotiations as rendering
accused's guilty plea involuntary. 10 ALR4th 689.

Propriety of sentencing justice's consideration of defendant's failure
or refusal to accept plea bargain. 100 ALR3d 834.

court was not empowered to invade the province of the prosecutor's charging power absent a finding that that power had been abused. She would hold that the majority's reliance on *People v Killebrew,* 416 Mich 189 (1982), is misplaced and, further, that the trial court, by looking behind the plea bargain to determine whether it satisfied the trial court's view of what is in the public's interest, improperly took an active part in the plea negotiations. She would vacate the convictions, enter convictions of felonious assault and larceny over $100, and remand for resentencing.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — CONSENT TO GUILTY PLEA.

A defendant has no absolute right to have his guilty plea accepted; he may plead guilty or nolo contendere only with the court's consent (GCR 1963, 785.7).

### DISSENT BY S. D. BORMAN, J.

2. CRIMINAL LAW — PROSECUTORS — DECISION TO PROSECUTE.

*The decision to prosecute under one statute rather than another, or to prosecute at all, is an exclusively executive function, vested within the discretion of the prosecutor.*

3. CRIMINAL LAW — GUILTY PLEAS — PLEA NEGOTIATION.

*A trial judge may not initiate or participate in discussions aimed at reaching a plea agreement, nor may he engage in the negotiation of the bargain itself.*

4. CRIMINAL LAW — GUILTY PLEAS — PROSECUTORS.

*An excessively generous plea bargain, without more, is not an abuse of the power confided to the prosecutor.*

5. CRIMINAL LAW — TRIAL — GUILTY PLEAS.

*A trial court may not consider either the harshness of a charge or whether a plea agreement is too generous.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Sanford Kesten,* for defendant on appeal.

Before: Shepherd, P.J., and Cynar and S. D.
Borman,* JJ.

Per Curiam. Defendant pled guilty to assault
with intent to do great bodily harm less than
murder, MCL 750.84; MSA 28.279, and to larceny
over $100, MCL 750.356; MSA 28.588. He appeals
as of right seeking to have his guilty plea set aside
and to have the case remanded to the trial court
for entry of a conviction for assault with a danger-
ous weapon (felonious assault), MCL 750.82; MSA
28.277, and for larceny over $100.

Defendant was originally charged with assault
with intent to commit murder, MCL 750.83; MSA
28.278, and with larceny over $100. On October 15,
1982, the prosecution informed the trial court that
a plea bargain had been reached between the
people and defendant. The substance of the bar-
gain was that defendant would plead guilty to
felonious assault, rather than face the assault with
intent to commit murder charge, and he would
also plead guilty to the larceny count. The trial
court questioned the propriety of the bargain and
held an evidentiary hearing on the matter. Wit-
nesses at the hearing testified that defendant and
others were apprehended after being observed
shoplifting at a K-Mart store. Defendant escaped
and he was chased down by Richard Thompson, a
security guard for the store. When Thompson
recaptured defendant, defendant pointed an auto-
matic pistol into Thompson's face and said, "Your
fucking ass is dead". Four men then jumped defen-
dant and an altercation followed. Another witness
testified that he saw defendant pull the trigger on
the pistol during this altercation. The handgun,
however, never discharged. Defendant admitted
that he pointed the pistol at Thompson and made

* Circuit judge, sitting on the Court of Appeals by assignment.

a threatening comment, but he claimed that the trigger was pulled accidently when the gun was seized from his hand. A police officer testified that the pistol was operable but that, at the time of the assault, it could not have been fired because the bullets were still in the clip. It was also stated that the victims were not opposed to the reduced charge.

After hearing the testimony, the trial judge refused to accept defendant's guilty plea to felonious assault. The trial judge said that he could not accept the plea because, under the circumstances, it would not be in the public's interest.

On October 20, 1982, a second plea bargain was reached between defendant and the prosecutor. Under this second arrangement, defendant agreed to plead guilty to assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and to the larceny count. In exchange, a separate charge against him was dropped by the prosecutor. The trial judge accepted defendant's guilty plea under this second plan.

On appeal, defendant contends that the trial court committed error by refusing to accept the first proposed plea bargain between the defendant and the prosecutor. We do not agree with defendant's contention.

The issue is whether the trial court can refuse to accept a guilty plea after a bargain is reached between the prosecutor and the defendant. Clearly the trial court could withhold its consent to a guilty plea. GCR 1963, 785.7 unequivocally states: "A defendant may plead guilty or nolo contendere only with the court's consent." The Michigan Supreme Court stated in *People v Killebrew,* 416 Mich 189, 211; 330 NW2d 834 (1982):

"If the judge feels that the agreement reached by the

defendant and government attorney will serve the in-
terests of justice, he may accept the agreement or
recommendation. If, however, the judge, in an exercise
of his discretion, finds that the bargain is not appropri-
ate, he is free to reject the plea."

The United States Supreme Court has similarly
ruled that a defendant has no absolute right to
have his guilty plea accepted. *North Carolina v
Alford,* 400 US 25, 34-35; 91 S Ct 160; 27 L Ed 2d
162 (1970), citing *Lynch v Overholser,* 369 US 705,
719; 82 S Ct 1063; 8 L Ed 2d 211 (1962).

The prosecutor and defendant do not have the
right to present the trial court with a *fait accom-
pli.* the judge must be allowed to exercise his
discretion; his role is not simply ministerial. The
judge is not merely a rubber stamp with which the
bargain is sealed.

This is not a case where the court interfered
with the prosecution's charging power as was the
case in *Genesee Prosecutor v Genesee Circuit
Judge,* 391 Mich 115; 215 NW2d 145 (1974), and
*People v Matulonis,* 60 Mich App 143; 230 NW2d
347 (1975). As our factual summary notes, the
prosecutor had already brought charges; the issue
here was the propriety of the guilty plea. The trial
court did not err in refusing to accept the guilty
plea in this case. The conviction is affirmed.

Affirmed.

S. D. Borman, J. *(dissenting).* I respectfully dis-
sent.

On appeal, defendant contends that the trial
court impermissibly interfered with the charging
power of the prosecutor by refusing to accept the
original plea arrangement negotiated between
himself and the prosecuting attorney.

The issue turns on whether the trial court can

refuse to accept a guilty plea if it believes that the prosecutor's charge is excessivley generous. The majority concludes that it can. I, however, would hold that the trial court cannot invade the province of the prosecuting attorney's charging power absent a finding that that power has been abused.

The majority cites *People v Killebrew,* 416 Mich 189, 211; 330 NW2d 834 (1982), as holding that a trial court may decide not to accept a guilty plea if it determines that such acceptance would not serve the interest of justice. This is not what *Killebrew* holds.

The Court in *Killebrew* granted leave to address one issue: "whether *sentencing disposition* is an appropriate subject for plea agreement; and, if so, what is the proper role of the court with respect to a *sentence agreement"*. 416 Mich 189, 194, quoting from the Court's order granting leave, 408 Mich 958, 959 (1980). (Emphasis supplied.) The entire opinion is devoted to sentencing agreements, not plea or charge bargains. As stated in *Killebrew,* the practices of plea bargaining and charge bargaining, the latter being a species of plea bargaining, are well established and accepted practices in Michigan. *Id.,* 198, citing *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), as an example. The Court indicated that it did not intend to deviate from its earlier holdings to the effect that "[t]he decision to prosecute under one statute rather than another, or to prosecute at all, *is an exclusively executive function, vested within the discretion of the prosectuor, Genesee Prosecutor v Genesee Circuit Judge, [supra]"*. *Killebrew, supra,* p 199, fn 1 (emphasis supplied).

The Court explained in *Killebrew* that "[t]he judge's bargaining strength * * * lies in his statutorily granted sentencing power, MCL 769.1; MCA

28.1072. Judges can use this power to offer reduced sentences in order to persuade defendants to plead guilty." 416 Mich 189, 199. On the other hand, the Court emphasized that the judicial role in the negotiation process must be limited in order to "minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to perserve the public perception of the judge as an impartial dispenser of justice". 416 Mich 189, 202. As I read the *Killebrew* opinion, it indicates the Supreme Court's grave concern over the degree to which the trial court becomes involved with plea negotiations between the prosecutor and the defendant:

"Due to the nature of the unequal bargaining positions of the judge and the defendant, any involvement in the negotiations transforms discussions into perceived coercion.

\*   \*   \*

"Nor is it only the defendant who is harmed by allowing the judge to become involved in the negotiation of the plea bargain. The public perception of the judge as a neutral arbiter must suffer when the judge descends from the bench to barter with the defendant and prosecutor over the terms of the deal he advocates.

\*   \*   \*

"Therefore, judicial participation must be limited in order to minimize the coercive effect of such participation on the defendant, to insure the voluntariness of [the] plea, and to preserve public confidence in the judicial system." *Killebrew, supra,* pp 203-205.

Notwithstanding this concern, the Supreme Court recognized the need for, and the statutorily required involvement of, the trial court in the "sentence-bargaining process". *Id.,* 205. Thus, the Court struck a balance between these competing concerns:

"In balancing these competing considerations—that the degree of involvement must be kept minimal to avoid a coercive atmosphere and to retain public confidence in the judicial system and that judicial control of sentencing is required by statute—*we now hold that a trial judge shall not initiate or participate in discussions aimed at reaching a plea agreement. He may not engage in the negotiation of the bargain itself.* The trial judge's role in the plea-bargaining procedure shall remain that of a detached and neutral judicial official. The judge's involvement in agreements will therefore proceed along the format described in Part V."[1] *Id.,* 205. (Emphasis supplied; footnote omitted.)

As I read the majority opinion, it ignores the balance established by the Supreme Court in *Killebrew.* The majority opinion permits the trial court to take an active role in the plea-bargaining procedure heretofore allowed only to be exercised by the prosecutor and the defendant. In short, the majority advocates that our trial courts no longer must remain detached and neutral judicial officials.

This case illustrates how a judge may take an active role in the plea negotiations. The trial court stated that its policy in plea-bargained guilty plea cases is to look behind each plea bargain to determine whether the bargain satisfies its view of what is or is not in the public interest. The original charge was assault with intent to commit murder, MCL 750.83; MSA 28.278. The original plea-bargained charge was assault with a dangerous weapon (felonious assault), MCL 750.82; MSA 28.277. The only other charge to which defendant could "bargain" due to the trial court's involve-

---

[1] In Part V of the *Killebrew* opinion, the Supreme Court outlined the procedure to be used if the prosecutor and defendant reach a sentence agreement or the prosecutor makes a sentence recommendation. The Court thereby circumscribed the judge's statutorily granted sentencing discretion. If the judge rejects the proposed sentence, the defendant then may either affirm or withdraw his plea.

ment was assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279. This latter plea arrangement represented a Hobson's choice to the defendant: Either plead guilty to it or face the original charge. This choice was not something which defendant accepted willingly; it was something he was coerced into accepting because of the trial court's feeling that the original plea-negotiated charge was "not within the public interest". However, what is or is not in the public interest with respect to a criminal charge against the accused is not up to the judicial official, it is a matter left to the discretion of the prosecutor. *Killebrew, supra,* p 199, fn 1.

In *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974), the Court was quite explicit in stating that "[a] circuit judge does not enjoy supervisory power over a prosecuting attorney". *Id.,* 121. An excessively generous plea bargain, without more, is not an abuse of the power confided to the prosecutor.

"A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. *He may not properly substitute his judgment for that of the* magistrate or *prosecuting attorney* as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." *Genesee Prosecutor, supra,* p 121. (Emphasis supplied; footnotes omitted.)

GCR 1963, 785.7 explains what the trial court must consider in consenting to a plea of guilty or nolo contendere. See, also, MCR 6.101(F). Nothing therein even remotely suggests that the trial court may consider whether a given plea bargain is too

generous. Indeed, the trial court cannot consider the harshness of a charge, see, *e.g., Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972); *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973); *Genesee Prosecutor v Genesee Circuit Judge, supra; People v Ford,* 417 Mich 66; 331 NW2d 878 (1982); therefore, it follows that the trial court cannot consider whether a plea arrangement is too generous. See and compare *People v Matulonis,* 60 Mich App 143; 230 NW2d 347 (1975).[2]

Accordingly, I would reject the trial judge's policy of looking behind each plea bargain to determine whether it satisfies his unique view of what is or is not in the public interest. So long as the plea is understanding, voluntary and factually supported, the trial court is without authority to interfere with the prosecution's function. Therefore, the plea in this case should have been accepted as bargained for because the requirements of GCR 1963, 785.7 were satisfied.

Defendant's convictions and sentences should be vacated. This Court should enter convictions for felonious assault and larceny over $100 and the case should be remanded to allow the trail judge to sentence the defendant accordingly.

[2] Both *People v Brent,* (docket no. 64511, decided January 4, 1984 [unreported]), relied upon by the trial judge and the prosecutor, and *People v Bryant,* 129 Mich App 574; 342 NW2d 86 (1983), are distinguishable from the present case. In *Brent,* (bearing no precedential value because it is an unpublished opinion, see *Moultrie v Detroit Automobile Inter-Ins Exchange,* 123 Mich App 403, 407-408; 333 NW2d 298 [1983] and MCR 7.215[C]), this Court found that the error was harmless because defendant testified that he did not commit the crime. In *Bryant,* we affirmed the trial court's finding that there was no factual basis to support defendant's plea under GCR 1963, 785.7(3)(a). Here, on the other hand, the question involves the trial judge's role vis-à-vis the prosecutor's charging power. In this latter circumstance, unless the record shows that the prosecutor abused the power confided in him in office with respect to the plea bargain, the trial judge's discretion is limited to following the requirements contained in GCR 1963, 785.7.