PEOPLE v McCORD

Docket No. 98191. Submitted February 3, 1988, at Lansing. Decided March 21, 1988.

Michael Ross McCord was convicted by a jury of voluntary manslaughter and felonious assault, Isabella Circuit Court, Paul F. O'Connell, J. Sentenced to concurrent prison terms of seven to fifteen years for voluntary manslaughter and two to four years for felonious assault, defendant appealed, claiming error by the trial court in admitting into evidence three large color photographs of the stabbing victim taken immediately prior to an autopsy and abuse of discretion at sentencing on the voluntary manslaughter conviction.

The Court of Appeals *held:*

1. The trial court properly exercised its discretion in admitting the photographs. The photographs were material to the issue of defendant's intent and instructive to the jury regarding defendant's claim of self-defense. Although gruesome, the photographs merely depicted the nature, extent and location of the wounds inflicted by defendant on the unarmed victim.

2. The trial court did not abuse its discretion at sentencing on the voluntary manslaughter conviction. Reasons for departure from the sentencing guidelines were articulated on the record, and the sentence imposed was not shocking to the conscience of the Court of Appeals.

Affirmed.

HOMICIDE — EVIDENCE — PHOTOGRAPHS.

The decision to admit or exclude photographs of the victim in a trial for voluntary manslaughter is within the trial court's discretion; the trial court must balance the concern that exposure to vivid and gruesome images of the victim will cause a juror to forget that the defendant may not be responsible

REFERENCES

Am Jur 2d, Evidence §§ 783-787.

Am Jur 2d, Homicide §§ 416-420.

Admissibility of photograph of corpse in prosecution for homicide or civil action for causing death. 73 ALR2d 769.

Admissibility in evidence of enlarged photographs or photostatic copies. 72 ALR2d 308.

against the need to arrive at the truth of how and at whose hands the victim died; the probative value of such evidence must outweigh its prejudicial effect.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for defendant on appeal.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

BEASLEY, J. Defendant, Michael Ross McCord, was convicted by a jury of voluntary manslaughter, contrary to MCL 750.321; MSA 28.553, and felonious assault, contrary to MCL 750.82; MSA 28.277. He was sentenced to serve concurrent sentences of not less than seven nor more than fifteen years in prison on the manslaughter count and not less than two nor more than four years in prison on the felonious assault count. Defendant appeals as of right, raising two issues.

The convictions arise from the stabbing death of a college student by defendant on April 19, 1986, in Mt. Pleasant.

On appeal, defendant first claims that the trial court erred by admitting certain photographs of the decedent. During its case in chief, the prosecutor sought to introduce three photographs of the decedent as he appeared immediately prior to the autopsy. All three photographs were in color and blown up to the size of two by three feet. Defense counsel objected to the admission of the photographs on the grounds that they were cumulative to the testimony of the police officers and patholo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gist who viewed and testified to the decedent's wounds, and that they were more prejudicial than probative. The trial court overruled defendant's objections and admitted the photographs, finding that they were material to the issue of defendant's intent and were not being used for the purpose of appealing to the jury's emotions so as to prevent deciding the case on the evidence. The court made the following comments:

> Well, there are three elements. One, the photographs must be material, and they certainly are material and relevant. In either case they are. The witness has stated that they adequately represent what they propose to depict, namely the condition of the victim as he appeared to the officer at the time of his arrival at the scene, and some fourteen hours later at the autopsy. Thirdly, the photographs should not be used to inflame the jurors. They shouldn't be of such a gruesome nature that you're going to lack objectivity and base any conclusions simply on the picture itself without considering other aspects. In this case the officer has testified through his observations that the photographs tend to corroborate—the purpose of it is to corroborate the testimony of the witness, and this is perfectly okay. Even photographs showing the extent of the bruises or the wounds, and the fact that they may be gruesome and something that you wouldn't ordinarily want to see doesn't necessarily make these pictures inadmissible. Both of the crimes with which defendant is charged are intent crimes, and the court feels that the photographs certainly may assist the jury in that regard. It's a close question, but we have here the statement that perhaps the pathologist may be in here to give testimony. I don't know. He isn't here. He may well use these photographs. But notwithstanding that I feel the witness can testify as to what he observed. The photographs are relevant. The photographs are not calculated to inflame the jury. The photographs adequately represent what

they propose to depict, and they corroborate the testimony of the witness. Therefore, exhibits #5, #6 and #7 are admitted.

Officer Sudhoff testified that the photographs would aid him in explaining to the jury the nature and extent of the injuries. Subsequent to admission of the photographs into evidence, defense counsel did not object when the prosecutor asked the trial judge to permit him to mount the blown-up photographs on poster board.[1]

The pathologist, Dr. Werner Spitz, testified and described various injuries the deceased had sustained apart from the stab wounds in the chest. His testimony disclosed five stab wounds, a slash to the nose, scratches on the stomach from a knife, and that the face of the deceased indicated punches in the mouth. The pathologist concluded that the victim had sustained two sets of injuries, those received in a fight and those received in a stabbing. He used the photographs to point out to the jury where the injuries he had described were actually located on the body and testified that the decedent did not run into the knife.

In closing argument, the prosecutor compared photographs of the deceased to show how his face looked before the stabbing, calling attention to the conditions of the face in light of the defense of self-defense. The prosecutor's position was that the evidence showed no indication of self-defense.

Defendant argued that the photographs were more prejudicial than probative and, therefore, should have been excluded. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

---

[1] This occurred on September 29, 1986, the fifth day of trial.

prejudice.[2] Admission of photographic evidence lies within the sound discretion of the trial court. In *People v Eddington,*[3] the Supreme Court said:

> In a criminal case, the burden is upon the people to prove every element of the crime charged. These are not nice pictures but they are not any more gruesome than some of the testimony by witnesses. The pictures showed the vic-. tims as they were found. The pictures depict the *corpus delicti.* The admission of such evidence is in the sound discretion of the trial judge.

Generally, the admission of photographic evidence is within the discretion of the trial court.[4] The trial court should balance the concern claimed by the defendant that exposure to vivid and gruesome images of the victim will cause a juror to forget that the defendant may not be responsible for the outrage against the need to arrive at the truth of how and at whose hands the victim died.[5] Photographs are not inadmissible merely because they are gruesome and shocking in details.[6] In Michigan, we have applied a balancing test which requires that the probative value outweigh the possible prejudicial effect.[7]

In this case, the trial court properly exercised its discretion in admitting the photographs, noting properly that defendant was charged with intent crimes and defendant had contended that he stabbed the victim in self-defense. In this context, the photographs were material to the issue of

[2] MRE 403.

[3] 387 Mich 551, 562-563; 198 NW2d 297 (1972); also see 29 Am Jur 2d, Evidence, § 787, pp 860-861.

[4] *Eddington, supra,* p 562.

[5] *People v Bryant,* 129 Mich App 574, 581; 342 NW2d 86 (1983).

[6] *People v Stewart,* 126 Mich App 374, 377-378; 337 NW2d 68 (1983).

[7] *People v Turner,* 17 Mich App 123, 130; 169 NW2d 330 (1969).

defendant's intent and instructive to the jury regarding defendant's claim of self-defense. The photographs in the instant case were taken prior to the autopsy and, although gruesome, merely depicted the nature, extent and location of the wounds inflicted by defendant on his unarmed victim.[8] We do not find their admission inflammatory and an abuse of discretion.

Second, defendant claims that the trial court abused its discretion in sentencing him when it departed from the recommended sentencing guidelines and sentenced defendant to seven to fifteen years in prison on the voluntary manslaughter conviction. The trial judge properly considered and articulated on the record his reasons for imposing the sentence given.[9] He specifically articulated the two factors which he believed dictated the sentence: the failure of defendant to depart from the scene and the viciousness of the attack.

Defendant also argues that the sentence imposed is excessive to the extent that it shocks the conscience.[10] Our judicial conscience is not shocked.

Affirmed.

---

[8] *People v Sowders,* 164 Mich App 36; 417 NW2d 78 (1987).

[9] *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983).

[10] *Id.*