636 N.W.2d 270 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Robert Paul GREENE, Defendant-Appellee.
No. 119593, COA No. 216050.
Supreme Court of Michigan.
December 5, 2001.
On order of the Court, the application for leave to appeal from the June 15, 2001 decision of the Court of Appeals is considered, and it is DENIED because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., dissents and states as follows.
I would grant leave to appeal. The question whether the Court of Appeals erred in overturning the order denying suppression of evidence seized from a crime scene warrants our review. Defendant's consent and exigent circumstances appear to have justified the search without a warrant in this case.
The defendant was the victim of a shooting at his office in Clinton Township. When police arrived, defendant, owner of the insurance agency, opened the door to the building and let them in. Defendant told the police that the assailant had demanded money, tried to rob him, and then fled on foot. He then provided a description of his assailant. He did not tell the police the location in the building where the shooting and robbery had occurred.
Defendant had bloodstains on his left side, left thigh, and right shoulder. The officers procured a chair from further inside the building and had defendant sit down. Shortly thereafter, emergency personnel took defendant from the building to obtain medical treatment.
Evidence technicians arrived and began to secure the building. They drew a rough sketch and a floor plan. The office building contained a lobby, a general office area, and defendant's private office. A doorway led from the general office area to the private office. Officers took measurements of all three areas of the building. A police officer found defendant's clothing, which had been removed by medical personnel, near the entrance to the private office.
In securing the building, the officers entered defendant's private office. They were searching for valuable items, including money, that would need to be confiscated and logged on a property report form. They were also looking for evidence of the robbery.
The officers noticed an open "money box" with money strewn about on a desk in defendant's office. The officers found this observation significant in light of defendant's statement that the shooter had tried to rob him. The officers also observed partially opened drawers in a desk and filing cabinet in the private office. An officer opened one of the partially opened drawers and found small brown glass vials commonly used to store cocaine. An officer also found a large sum of cash inside another of the partially opened drawers. A lieutenant told the officers to suspend their search until a warrant could be obtained; the lieutenant himself found suspected drugs under a checkbook in the file cabinet drawer. Police obtained a warrant and found more evidence incriminating defendant.
Defendant was charged with offenses under Michigan's controlled substances act. The trial court denied a motion to suppress. It held that the search of the *271 office building was justified under the exigent circumstances and plain view exceptions to the warrant requirement. A jury thereafter found defendant guilty of the charged offenses.
The Court of Appeals reversed in an unpublished per curiam opinion after concluding that no applicable exceptions to the warrant requirement justified the search without a warrant. It found no evidence of a risk of imminent destruction of evidence to support application of the exigent circumstances exception. The Court stated that a mere possibility of destruction of evidence is insufficient.
The Court of Appeals did not address the doctrine of implied consent. The prosecutor argues that defendant consented to the search. The search here appears to have been permissible. Implied consent to search a crime scene may exist in certain circumstances. See, e.g., People v. Bryant, 129 Mich.App. 574, 342 N.W.2d 86 (1983); Brown v. State, 856 S.W.2d 177 (Tex.Crim.App., 1993). In Brown, the court, relying on case law from several states on this issue, held that the defendant had impliedly consented to a search of his home after he reported a crime by a third party.
Professor LaFave's treatise discusses the doctrine of implied consent:
There exists a somewhat special category of cases ... in which courts are inclined to speak in terms of consent notwithstanding the fact that the person allegedly consenting has never explicitly stated that he is willing to allow the authorities to search his person, premises or effects. Often it is said that the consent is "implied" because it is found to exist merely because of the person's conduct in engaging in a certain activity. [3 LaFave, Search & Seizure, § 8.2(l), pp 695-696.]
LaFave discusses the Brown analysis favorably:
In contrast to the situations discussed in the text following, some cases resorting to "implied" consent language are actually unobjectionable instances of actual consent being established by circumstantial evidence. See, e.g., [Brown, supra] (court uses concept of "implied consent" to conclude, as have many courts, see § 6.5(e), that householder who calls police to murder scene and asserts a crime was committed by third party may be deemed to have allowed the police to enter for purposes of "a search of the premises reasonably related to the routine investigation of the offense"; concurring opinion helpfully notes that in lieu of fiction of implied consent, it would be better to say that what is needed is "the actual consent of the owner, express or implied"). [LaFave, supra, p. 696, n. 278 (emphasis supplied).]
Defendant's act of opening the door to admit the police into his office building and his cooperation in describing the assailant and the crime seem to be circumstantial evidence of his consent to search the crime scene for evidence.
The prosecutor also argues with some force that probable cause and exigent circumstances justified the search. Officers may search without a warrant if probable cause exists and a search is necessary to prevent imminent destruction of evidence, to protect the officers or others, or to prevent a suspect's escape. People v. Cartwright, 454 Mich. 550, 559, 563 N.W.2d 208 (1997).
It appears at this juncture that probable cause to search the premises existed. The nature of the reported crime (an armed robbery) and the condition of defendant's office (partially open drawers and an open box containing money in plain view) suggested *272 that defendant's office may have contained evidence of the crime. The trial court found that a reasonably prudent person could have believed that items had been stolen from the drawers. These facts justified the search of the private office.[1]
Moreover, exigent circumstances supported the search without a warrant. An armed assailant had shot defendant three times. The shooter had not been apprehended. In these circumstances, the officers reasonably looked for evidence that could help to identify and locate the shooter. "The police officers, under the circumstances, had no reason to believe that the assailant would not return to the unlocked building to loot the business, finish off the defendant, or cover his tracks." Prosecutor's application, p. 19.
NOTES
[1] The record also reflects that officers were looking for bullets or bullet fragments that could have missed defendant and gone into the private office.